# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY GIANAKIS, | Case No.: 2:22-cv-01178-APG-DJA |
| Plaintiff | **Order Remanding Case for Lack of Subject Matter Jurisdiction** |
| v. | |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | |
| Defendant | |

Defendant Progressive Northern Insurance Company removed this action based on diversity jurisdiction. ECF No. 1.  However, Progressive stated only that it is an Ohio corporation, without identifying its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Additionally, Progressive did not provide sufficient proof that the amount in controversy requirement was satisfied.  Consequently, I ordered Progressive to show cause why this action should not be remanded for lack of subject matter jurisdiction. ECF No. 7.

In its response, Progressive does not address its principal place of business. ECF No. 10. It therefore has not shown complete diversity exists.

Moreover, Progressive does not establish the amount in controversy requirement is satisfied.  Progressive attaches a demand letter the plaintiff sent requesting the $250,000 policy limit. ECF Nos. 10-1; 10-2.  However, the demand letter states that the plaintiff incurred $56,231.97 in medical bills and recovered $100,000 from the tortfeasor's insurance. ECF No. 10-1.  There is no factual basis provided to suggest that after the tortfeasor's payment, more than $75,000 is a good faith estimate of the plaintiff's damages.   Consequently, I remand this action for lack of subject matter jurisdiction.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings.  The clerk of court is instructed to close this case.

DATED this 9th day of August, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2